UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISIS GONZALEZ RODRIGUEZ,

    Plaintiff,

v.                                        CASE NO. 8:20-cv-1232-WFJ-SPF

KILOLO KIJAKAZI,
Acting COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkt. 1), and the well-reasoned report of the United States Magistrate Judge Flynn recommending that the decision of the Commissioner be affirmed (Dkt. 26). Plaintiff, through counsel, filed timely objections. Dkt. 27. The Court determines a reply from the Commissioner is unnecessary.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*,

896 F.2d 507, 512 (11th Cir. 1990).  After such independent review, the Court may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C.§ 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinions).

Plaintiff was found not disabled and was denied disability benefits.  Tr. 68–84.  Plaintiff's objections to the report and recommendation focus on four areas in which she claims the magistrate judge's recommendations should be rejected by this Court.

First, she claims the magistrate judge reached an incorrect conclusion regarding the ALJ's failure to explicitly include in the residual functional capacity ("RFC") assessment her moderate limitations in the area of adapting or managing oneself.  Plaintiff claims the hypothetical question posed to the vocational expert also failed to include and address the limitations.  The Court disagrees.  The magistrate judge properly found that under the developing case law, the mental limitations accounted for by the ALJ in the RFC and in the hypothetical asked, leave no room for speculation regarding the limitations for adapting or managing oneself.

Second, Plaintiff claims the ALJ failed to resolve the inconsistencies between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT").  Plaintiff contends the vocational expert's finding that she could

work as a weight tester, which requires reasoning level 3—to "deal with problems involving several concrete variables," is incompatible with the DOT's finding limiting her to "simple tasks." As noted by the magistrate judge, any such inconsistency is harmless because the vocational expert testified Plaintiff was capable of two other positions requiring a GED reasoning level of 1.

Third, Plaintiff argues that the ALJ's step-five finding regarding available jobs in the national economy is not supported by substantial evidence. In this case, the vocational expert's testimony can be considered substantial evidence, particularly given that no objections to the data sources or calculations were raised during the administrative hearing and the vocational expert testified he relied on his work experience, the DOT, job analysis, and other publications. *See* record citations at Dkt. 26 at 14. *Goode v. Commissioner of Social Security*, 966 F.3d 1277 (11th Cir. 2020), is distinguishable on its facts for the reasons set forth by the magistrate judge. *See* Dkt. 26 at 12–16.

Finally, Plaintiff takes issue with whether the ALJ properly considered her migraine impairment in assessing her limitations. The ALJ, however, need not discuss every single piece of medical evidence in the record. Here, both the objective medical evidence and other evidence of symptoms support the limitations she received. The ALJ considered her migraines and did not commit error in

finding the headaches did not impose additional limitations on Plaintiff's ability to work.

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ, with regard to each specific objection lodged by Plaintiff, the Court agrees with the thorough and well-reasoned report of the magistrate judge. The ALJ applied the correct legal standard in reaching a decision supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 27) are overruled.

2) The Report and Recommendation (Dkt. 26) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on September 20, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record